IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KERRY CALAHAN | ) | |
| | ) | |
| v. | ) | NO. 1:10-0018 |
| | ) | |
| SABRINA PATTERSON and | ) | |
| JOANN SELLERS | ) | |

**O R D E R**

On March 15, 2010, the Clerk received from the pro se prisoner Plaintiff a complaint in the instant action listing himself as the plaintiff and naming Sabrina Patterson and JoAnn Sellers as the defendants. The complaint did not include any specific claims but merely included as an attachment a copy of a complaint listing other inmates, Jerry Hunter and Joey Perryman, as the plaintiffs. Plaintiff requested to be included in that action. Because no such lawsuit had actually been filed, the Court liberally construed the draft complaint as stating the claims being brought by the Plaintiff. See Docket Entry No. 3, at 1, n.1.[1] The Court granted the Plaintiff's application to proceed in forma pauperis and filed the complaint against the two above named defendants.

On March 17, 2010, the Clerk received another complaint from the Plaintiff in which he specifically asserted claims and named Sabrina Patterson and four other individuals as defendants. The Court granted the application to proceed in forma pauperis which was submitted with that complaint and filed the complaint. See Calahan v. Helton, et al., No. 1:10-0020.

---

[1] The Hunter/Perryman complaint was filed on March 17, 2010, after entry of the March 16, 2010, Order. See Case No. 1-10-0021.

The Court has now received a letter from the Plaintiff (Docket Entry No. 8), in which he asks that the two actions be "combined" so that he will not be charged two filings fees. He also requests the appointment of counsel.

The Plaintiff's request to combine the two cases so that he will not be assessed two filing fees is DENIED. It was the Plaintiff's own actions that resulted in two separate cases being filed and the assessment of two filings fees. The Court has reviewed the complaints filed in the two cases and, while they both involve complaints about conditions at the Marshall County, Tennessee jail, the two complaints involve several different defendants and involve different claims and are not identical or the same. It if not clear whether the Plaintiff seeks to consolidate the two actions for ease of litigation, and the Court will not address that issue unless it is specifically raised by a party or if it appears appropriate during the course of these proceedings.[2]

The Plaintiff's request for the appointment of counsel is DENIED. The appointment of counsel in a civil case is not a constitutional right and there is no duty to appoint counsel to represent an indigent plaintiff in a civil action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); Willit v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, although the Court has discretion in deciding whether to appoint counsel in such cases, it is well-settled that appointment should be allowed only in exceptional cases. Lanier, supra; Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993) Such exceptional circumstances do not exist in this case at this time, and the denial of counsel will not result in any fundamental unfairness to the Plaintiff. There has been no showing

---

[2] Any motion to consolidate the Plaintiff's two cases should be filed in Case No. 1:10-0020 and not in the instant, earlier filed case.

2

that counsel is necessary to present meritorious issues to the Court.  See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party.  The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal.  See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

*/s/ Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge