IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KERRY CALAHAN                              )
                                           )
        v.                                 )        NO. 1:10-0018
                                           )
SABRINA PATTERSON and                      )
JOANN SELLERS                              )

# **O R D E R**

On January 18, 2011, the Defendants in this action filed a motion (Docket Entry No. 34) to

dismiss portions of the Plaintiff's complaint.  The Court's preliminary review of the motion suggests

shortcomings with the motion.

Local Rule of Court 7.01(a) requires that every motion that may require the resolution of an

issue of law shall be accompanied by a memorandum of law citing supporting authorities.  Although

the motion to dismiss seeks dismissal with prejudice of several claims raised by the Plaintiff, the

motion to dismiss is not accompanied by a memorandum of law and fails to comply with the

requirement of Local Rule 7.01(a).  Additionally, given that the Defendants seek dismissal on a

somewhat novel basis, the Court would find it particularly helpful to have some actual legal analysis

supporting the grounds for dismissal raised by the Defendants.

The motion to dismiss does not state upon which rule of civil procedure it is based and, thus,

the Court is left to guess the exact nature of the motion.

The motion to dismiss is based entirely upon filings made in both the instant case and in

another case filed within this District, yet the Defendants fail to provide these filings as attachments

or supporting exhibits to the motion.  This failure prevents the incarcerated Plaintiff from being able

to review these supporting documents since it is unlikely that he has access to the electronic docket.

Furthermore, the Defendants apparently believe that the Court should shoulder the burden of finding and collecting the supporting documents upon which their own motion is based so that those documents may be reviewed in conjunction with the motion. Given that one of the grounds for the motion is judicial economy, the Court finds this shortcoming to be somewhat peculiar.

The Defendants are given fourteen (14) days from entry of this Order to file a memorandum and any other appropriate filings in support of the motion to dismiss. The Plaintiff shall have thirty (30) days from the Defendants' supplemental filing to file a response to the motion.

Alternatively, the Defendants may file a notice withdrawing the motion to dismiss with leave to file a more complete and proper dispositive motion prior to the February 14, 2011, deadline for the filing of dispositive motions.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge