IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KERRY CALAHAN )
 )
    v. ) NO. 1:10-0018
 )
SABRINA PATTERSON and )
JOANN SELLERS )

TO:    Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered March 16, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment (Docket Entry No. 49) filed by Defendants Sabrina Patterson and Joann Sellers, to which Plaintiff has not filed a response.[1] For the reasons set forth below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered February 27, 2011 (Docket Entry No. 50), the plaintiff was notified of the motion and given a deadline of March 31, 2011, to file a response.

## I. BACKGROUND

Plaintiff is a inmate of the Tennessee Department of Correction ("TDOC") incarcerated at the Charles Bass Correctional Complex ("CBCC") in Nashville, Tennessee. He filed this action pro se and in forma pauperis on March 15, 2010. Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the Marshall County Jail ("Jail") in Lewisburg, Tennessee, where he was held as a pre-trial detainee prior to being transferred to the TDOC and where he was held at the time the complaint was filed. Named as defendants in the complaint are Jail employees Sabrina Patterson and Joann Sellers.

Although the complaint filed by Plaintiff lists himself as the plaintiff and names Patterson and Sellers as the defendants, the complaint did not include any claims or factual allegations. Instead, it merely referred to an attachment (Docket Entry No. 1-1), which was a photocopy of a draft complaint against Les Helton and Patterson by two other inmates at the Jail, Jerry Hunter and Joey Perryman. Because no such lawsuit had actually been filed at the time Plaintiff submitted his complaint,[2] the Court liberally construed the draft

---

[2] The Hunter/Perryman complaint was filed on March 17, 2010. See Case No. 1-10-0021.

complaint as stating the claims being brought by Plaintiff.  See Docket Entry No. 3, at 1, n.1.[3]  Accordingly, Plaintiff set out 11 distinct claims:

1. Denial of access to newspapers;

2. Lack of regular outdoor exercise opportunities;

3. Improper handling and/or destruction of incoming and outgoing mail;

4. Visitors at the Jail are able to view inmates showering or using the restroom because of the design of the Jail;

5. The noise level at the Jail is excessive;

6. The law library at the Jail is inadequate and prevents inmates from having access to the courts;

7. Inmates serve food at the Jail but do not have "food handlers" permits and are unsanitary;

8. Non-licensed employees dispense medication to inmates at the Jail;

9. Security cameras monitor inmates taking showers which may permit Jail employees of the opposite gender to observe inmates when they are naked;

10. Inmates are given only 1 roll of toilet paper a week;

11. Inmates are given only 1 shaving razor every two weeks.

---

[3] On March 17, 2010, the Clerk received another complaint from Plaintiff in which he specifically asserted claims and named Sabrina Patterson and four other individuals as defendants. See Calahan v. Helton, et al., No. 1:10-0020.  However, Plaintiff's second complaint was not identical to the instant action, and by Order entered April 28, 2010 (Docket Entry No. 12), the Court denied Plaintiff's request to combine the two cases.

See Attachment to Complaint (Docket Entry No. 1-1). Defendants, in only their individual capacities, filed a joint answer (Docket Entry No. 19) to the complaint, and a scheduling order was entered to facilitate pretrial activity in the action.

Defendants seek summary judgment on several grounds. They contend that Plaintiff failed to file grievances at the Jail about several of his claims and thus failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. They further contend that Plaintiff failed to properly serve Marshall County, Tennessee to the extent that Marshal County is a municipal defendant by virtue of the individual defendants being sued in their official capacities. Defendants also argue that Plaintiff's deposition testimony shows that he cannot support his claims with evidence that his constitutional rights have been violated. Finally, Defendants raise the defense of qualified immunity to Plaintiff's damage claims. See Docket Entry No. 45. In support of their motion, Defendants rely on excerpts from Plaintiff's deposition transcript (Docket Entry No. 47), the declaration of Defendant Patterson (Docket Entry No. 48) and attached documents (Docket Entry Nos. 48-1 through 48-6), and pleadings from the case Hunter v. Helton, No. 1:10-0021.

## III. CONCLUSIONS

A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999). It is well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). To establish that he has exhausted his administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the

established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

In the instant action, Defendants raise the defense of failure to exhaust and support their argument with the declaration of Patterson, in which she declares that the only claims raised in the action about which Plaintiff filed a written grievance were his claims concerning the Jail's razor policy and medication dispensing procedures. See Patterson Declaration (Docket Entry No. 48) at ¶¶ 3-4. She further declares that, although Plaintiff grieved those issues to her, he did not appeal her decisions to the Marshall County Sheriff as is permitted by Jail policy MCJ-056.

Plaintiff has not responded in any manner to the summary judgment motion and has not rebutted Defendants' failure to exhaust argument. Although copies of several grievances were attached to the complaint, the only claim included in the grievances which is a part of this action is the razor policy claim. See Docket Entry No. 1-1, at 18 and 25.

Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel County, Ky., __F.3d__, 2011 WL 420503 (6th Cir. Feb. 9, 2011). Plaintiff has not satisfied this step by showing evidence of his compliance with the PLRA's exhaustion requirement. His failure to satisfy this burden requires dismissal of his action.

B. Razor and Medication Dispensing Policies

Although Plaintiff has not satisfied the PLRA exhaustion requirement for any of his claims, to the extent that a genuine issue of fact may exist regarding exhaustion of the razor and medication dispensing claims, the Court finds that such claims would warrant dismissal on their merits because the claims simply do not rise to the level of constitutional claims.

Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).[4] To satisfy the objective prong of any conditions of confinement claims, "extreme deprivations are required," Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). The Constitution does not require that prison inmates be given a shaving razor at any particular time interval nor does the Constitution require that medication be dispensed to inmates by a person who holds any type of license or who passes Plaintiff's subjective test of cleanliness. Plaintiff's

---

[4] The Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). However, claims brought by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994).

allegations fall woefully short of showing that he was subject to cruel and unusual punishment in violation of the Eighth Amendment.

Additionally, to the extent that Plaintiff asserts that the Jail's medication dispensing policy violates state law, violations of state law are not actionable under Section 1983, and "[s]tate rather than federal courts are the appropriate institutions to enforce state rules." Pyles v. Raisor, 60 F.3d 1211, 1216 (6th Cir. 1995) (quoting Archie v. Racine, 847 F.2d 1211, 1217 (7th Cir. 1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989)).

C. Defendants' Alternative Arguments for Summary Judgment

Because the Court finds Plaintiff's failure to exhaust to be dispositive of all claims in this action, it is not necessary to address any of the other arguments for dismissal raised by Defendants.

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 49) filed by Defendants Sabrina Patterson and Joann Sellers, be GRANTED on the affirmative defense of failure to exhaust administrative remedies and that this action be DISMISSED WITHOUT PREJUDICE under 42 U.S.C. § 1997e(a).

8

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge